IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## RICHARD LYNN NORTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Greene County**
**No. 01CR080    James E. Beckner, Judge**

---

**No. E2002-00305-CCA-R3-PC**
**February 5, 2003**

---

The petitioner, Richard Lynn Norton, appeals from the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Susanna L. Thomas, Newport, Tennessee, for the appellant, Richard Lynn Norton.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Eric Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted of three counts of the sale of crack cocaine in an amount exceeding .5 grams, Class B felonies, as the result of transactions with an undercover agent in 1996 and 1997. The trial court imposed 12-year sentences on each count, to be served consecutively, for an effective sentence of 36 years. On direct appeal, this court affirmed the convictions but modified the sentence, ordering that only two should be served consecutively for an effective sentence of 24 years. State v. Richard Lynn Norton, No. E1999-00878-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 22, 2000). Application for permission to appeal was denied by the supreme court on April 16, 2001.

On May 21, 2001, the petitioner filed a petition for post-conviction relief alleging, among other things, that his trial counsel had been ineffective in a number of ways: by his failure to adequately investigate and contest the admission of cassette tapes as evidence at trial; by his failure to request a re-examination of the illegal drugs admitted as evidence at trial; by his failure to request

a bill of particulars; by his failure to file motions to dismiss the presentment or sever the counts; by his failure to insist upon the state's compliance with the rules of discovery; and by his failure to either limit the state's efforts at impeachment or object to the state's filing of sentence enhancement factors. The petitioner also alleged that his trial counsel was ineffective for failing to subpoena an eyewitness or present other witnesses that might have been helpful in the defense; by his failure to prepare an adequate defense strategy; by his failure to request a merger of the offenses; by his failure to insist upon a speedy trial; by his failure to develop the affirmative defense of entrapment; and by his failure to present mitigating factors at sentencing.

The convictions were the result of three controlled purchases of crack cocaine made by Penny Knight, a confidential informant working in conjunction with the Third Judicial District Drug Task Force. On December 23, 1996, Ms. Knight met the petitioner and his co-defendant, Robin Willett Key, in a Food City parking lot in Mosheim where the petitioner was videotaped selling one gram of cocaine for $300.00 cash. A second transaction occurred eight days later when task force agents videotaped Ms. Knight purchasing 1.4 grams of crack cocaine from the petitioner. The third offense was on January 13, 1997, when Ms. Knight purchased .6 grams of cocaine from the petitioner.

At the evidentiary hearing, trial counsel, who had begun his practice of law in 1995, testified that he had participated in "less than a dozen" criminal cases at the time of the petitioner's trial. He confirmed that although he had participated in drug cases which resulted in plea agreements, his representation of the petitioner was his first trial involving illegal drugs. Trial counsel described his relationship with the petitioner as positive except when the petitioner persisted in filing pro se motions, many of which trial counsel believed to be baseless. Trial counsel stated that he had met with all of the potential witnesses in advance of trial. While acknowledging that he was unable to interview a possible witness named Lynn Bible, he explained that the address the petitioner had given was not accurate. Trial counsel recalled that he did interview the co-defendant, who the petitioner believed would exonerate him, and that she "did everything but exonerate him." He testified that he had advised the petitioner against using his co-defendant as a witness and did so only at the petitioner's "adamant request." Trial counsel described the co-defendant's testimony as harmful to the defense.

Trial counsel testified that he discussed the possibility of an entrapment defense and an insanity defense, ultimately determining that neither was supportable. He filed a motion to sever each of the three offenses which the trial court overruled, an issue that was not presented in the appeal. Although not successful on the three counts at issue, two others apparently were severed and resulted in dismissals. He recalled that the petitioner had requested a retesting of the drugs because each of the three substances, which the petitioner admitted contained some cocaine, included a cutting substance such as talcum powder. It was counsel's opinion that so long as each substance contained some cocaine, the weight and resulting degree of culpability under our statute was based upon the entire amount of the mixed substance. Trial counsel acknowledged that he did not challenge the chain of custody or the possible use by the state of the petitioner's prior convictions for impeachment purposes.

It was established that trial counsel had represented petitioner in a prior case which ended favorably. He recalled that the petitioner was pleased with the plea agreement he was able to achieve in that case. Trial counsel pointed out that his pre-trial motion for severance was partially successful and that the severed case ended in a nolle prosequi by the state. Trial counsel confirmed that just before the trial, the petitioner rejected "the most favorable offer [plea agreement] that I ever received from the DA's office." That offer would have resulted in concurrent sentencing for the three offenses.

The petitioner, who listed 39 grievances regarding the performance of his counsel, was the only other witness at the evidentiary hearing. The petitioner contended that his trial counsel was not experienced in criminal cases and, in particular, illegal drug cases. He testified that trial counsel had failed to establish a working relationship with the petitioner and that he had otherwise failed to file appropriate motions, adequately investigate, and timely lodge objections during the trial. He expressed dissatisfaction with trial counsel's performance and repeated many of the complaints made in his petition. The petitioner stated that his trial counsel characterized many of his suggestions and pro se motions as frivolous. He contended that three potential witnesses, Lynn Bible, Bobby Moore, and Delmar Riley, were in jail prior to his trial and could have been found had his counsel not waited to seek an interview until after their release. He also claimed that he was entrapped by the state and that this defense should have been affirmatively presented by trial counsel. The petitioner contended that he was highly intoxicated at the time of the offenses and that trial counsel should have presented that evidence as a part of an insanity defense. He argued that his counsel failed to pursue an independent testing of the drugs and did not object to an improper chain of custody.

At the conclusion of the hearing, the trial court denied relief and specifically found as follows:

1. that the petitioner had previously been represented by another attorney, but due to conflicts in the attorney-client relationship, there had been a substitution of counsel;

2. that trial counsel, with professional experience of four years at the time of trial, had participated in approximately 12 criminal cases and had previously represented clients in illegal drug cases but that this case was the first to have gone to trial;

3. that trial counsel had previously represented the petitioner in other matters and had success in results;

4. that trial counsel, fully familiar with the procedures and laws pertaining to this case, had a "mixed" relationship with the petitioner, the primary area of dispute being the petitioner's insistence upon filing pro se motions;

5. that trial counsel met professional guidelines in attempting to locate witnesses prior to trial and had properly advised against the use of the co-defendant as a defense

witness. The co-defendant, whose testimony was incriminating, was called as a witness at the insistence of the petitioner;

6.       that trial counsel had sought appropriate discovery, filed proper motions, used good judgment in deciding which of the pro se motions were to be presented, and properly determined that entrapment was not a viable defense;

7.       that an insanity defense would have had no basis in fact;

8.       that trial counsel had been particularly effective in gaining a severance of some of the offenses charged. Two of those charges were ultimately dismissed by the state;

9.       that trial counsel had not been ineffective for failing to challenge the validity of the indictment which met proper guidelines and that the state was properly required to make an election, at the conclusion of the trial, as between sale and delivery of the cocaine;

10.     that the petitioner was not prejudiced by the failure of trial counsel to seek independent testing of the cocaine because the petitioner acknowledged the presence of cocaine in each of the substances sold. The law makes no distinction between the weight of the cocaine based upon the percentage of any cutting agent;

11.     that trial counsel was not deficient in failing to challenge the chain of custody because the state had clearly established that the evidence was properly marked and accounted for prior to its presentation at trial;

12.     that the petitioner's prior convictions were admissible for impeachment purposes and that the failure upon the part of trial counsel to seek a hearing would not have achieved a different result. Each of the convictions used for impeachment purposes had to do with the honesty and truthfulness of the petitioner.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any

> particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Despite the number of complaints made by the petitioner against his trial counsel, it is apparent from our review of the record from the evidentiary hearing and the transcript of the trial that the performance of trial counsel was largely within professional guidelines. Moreover, any deficiencies in performance would not have produced a different result. For example, the petitioner was unable to produce either at trial or at the evidentiary hearing any credible basis for an entrapment defense, an insanity defense, or a diminished capacity defense. He was unable to produce any of the witnesses at the evidentiary hearing whose testimony he claimed would have been helpful. The three counts of the presentment upon which the petitioner was eventually tried were properly joined, even though trial counsel sought a severance. There was no basis for trial counsel to have filed a motion to dismiss based upon the content of the presentment. Because the petitioner acknowledged the presence of cocaine in each of the three substances, a failure to request an independent analysis of the drugs would not have been helpful. See State v. Alcorn, 741 S.W.2d 135, 138 (Tenn. Crim. App. 1987) (holding that "a substance containing cocaine" would include the weight of any "cutting agent or medium along with the weight of the scheduled substance"). An objection to a failure in the chain of custody prior to the presentation of the illegal drug evidence at trial would have been overruled. The petitioner failed to point out any defective links in the state's handling of that evidence. According to the trial court, any objections to the prior convictions which were to be used for impeachment purposes would not have been sustained. The petitioner has presented no argument that would suggest otherwise. Finally, the evidence was simply overwhelming. The petitioner sold drugs to a confidential informant who was able to tape her conversations with the petitioner. Officers observed the transactions from a distance. There was a monetary exchange. Petitioner's co-defendant, who was also charged with the offenses, gave testimony at trial favorable to the state. Under these circumstances, a successful defense was highly unlikely regardless of the level of competency of trial counsel's performance. In summary, this court has been unable to find any basis to support a grant of relief. The proof presented at the evidentiary hearing does not preponderate against the findings by the trial court.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE